UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00055-GNS

IMELDA VASQUEZ ROSAS                                                                                                  PETITIONER

v.

JASON WOOSLEY, as Jailer and Warden,
Grayson County Jail, Grayson County, KY;
SAMUEL OLSON, Chicago Field Office Director,
ICE Enforcement and Removal Operations;
TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
KRISTI NOEM, Secretary,
U.S. Department of Homeland Security; and
PAMELA JO BONDI, Attorney General,
U.S. Department of Justice                                                                                               RESPONDENTS

**ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1) and Respondents' Motion to Dismiss (DN 8).

In approximately 1999, Petitioner Imelda Vasquez Rosas ("Rosas"), who is a national and citizen of Mexico, entered the United States without inspection. (Resp'ts' Resp. Show Cause Order Ex. 1, at 3, DN 8-1). In 2016, Rosas and her daughter were victims of an armed robbery. (Pet. ¶ 2, DN 1). On August 28, 2017, they both petitioned for a U nonimmigrant visa (Form I-918). (Pet. ¶ 2; Pet. Ex. 1, at 1, DN 1-2). On July 15, 2022, U.S. Citizen and Immigration Services ("USCIS") determined that Rosas' petition demonstrated that her U nonimmigrant status was bona fide, warranting the grant of an employment authorization and deferred action for a period of four years. (Pet. ¶ 2; Pet. Ex. 1, at 1).

On September 27, 2025, Rosas was arrested by police officers in Indiana and charged with aggravated battery, criminal recklessness, domestic battery, and theft. (Pet. Ex. 3, at 3, DN 1-4). On October 1, 2025, she was turned over to Immigration and Customs Enforcement ("ICE") custody, and the state prosecutor did not file charges against Rosas. (Pet. Ex. 3, at 2). On November 25,

1

2025, an immigration judge denied Rosas' request for bond due to lack of jurisdiction. (Pet. Ex. 2, at 1, DN 1-3). She is currently housed at the Grayson County Detention Center. (Pet. ¶¶ 20, 26).

Rosas filed the Petition for Writ of Habeas Corpus against Respondents: Jason Woosley ("Woosley"), Jailer and Warden of the Grayson County Detention Center; Sam Olson, Chicago Field Office Director of ICE Enforcement and Removal Operations; Todd Lyons, Acting Director of ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pamela Jo Bondi, Attorney General, U.S. Department of Justice.[1] (Pet. ¶¶ 27-31). She alleges violations of the Immigration and Nationality Act and its implement regulations, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act. (Pet. ¶¶ 104-145).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Rosas bears the burden of proving by a preponderance of the evidence that her detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

Many cases decided by courts within the Sixth Circuit has considered whether a petitioner must exhaust administrative remedies before seeking relief under Section 2241. Based on the reasoning articulated in *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682 (W.D. Ky.

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has 'custody, rule and charge of the jail' or detention center in his or her county and 'of all persons in the jail.'" *Moore v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sep. 4, 2018) (citing Ky. Const. § 99; KRS 71.020). Therefore, as the jailer, Woosley is responsible for the jail or detention center and has custody of any detainee while he or she is incarcerated at that facility.

Nov. 27, 2025), the Court waives any exhaustion requirement for the same reasons in the case sub judice. *See id.* at *2-3.

The parties dispute whether Rosas' arrest for theft precludes her from being released on bond. In particular, Respondents contend that she is not entitled to release under 8 U.S.C. § 1226(c)(1)(E)(2) due to her arrest for theft and move for dismissal of the Petition. The mandatory detention imposed by this provision applies to a person who is "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any . . . theft . . . ." 8 U.S.C. § 1226(c)(1)(E)(2). In effect, they argue that the resolution of any such charges is irrelevant to whether that person is subject to mandatory detention under this provision.

Other courts analyzing this language have rejected the interpretation asserted by Respondents. As one court reasoned:

> "[B]y using the present tense, § 1226(c) (1) (E) (ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute." The "plain language" of the statute thus reveals that "detention is not mandatory if the criminal charges have been dismissed." Here, "[b]ecause the charges against [Petitioner] have been dismissed, . . . they are no longer pending, and it is not accurate to say that he 'is charged with' or 'is arrested for' . . . larceny."

*Hairo v. Crawford*, No. 2:25CV704, 2026 WL 286176, at *2 (E.D. Va. Feb. 3, 2026) (second and third alterations in original) (internal citations omitted) (citations omitted); *see also Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *12 (S.D.N.Y. Jan. 30, 2026) ("First, Section 1226(c) 'would have had no legal effect under the government's reading because the mandatory detention of those very same people would have been required under § 1225 without some additional crime.' 'By Respondents' understanding, all noncitizens inadmissible under 8 U.S.C. § 1182(a)(6) (which states that those like Petitioner who are present without admission are inadmissible) are already subject to mandatory detention. Why, then, would Congress have thought it necessary to specifically add a provision making those noncitizens subject to mandatory detention

if they are charged with certain crimes?' Second, 'the text of § 1226(c)(1)(E)(ii) does not provide for mandatory detention where, as here, charges have been dropped.'" (internal citations omitted) (citation omitted)); *Rueda Torres v. Francis*, No. 25 Civ. 8408 (DEH), 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) ("Respondents urge an interpretation that requires mandatory detention following any arrest or charge no matter the ultimate disposition of those charges. Such an interpretation would 'make the words "is convicted of" superfluous,' as no Defendant could possibly proceed to a conviction without first being charged. Thus, while detention is mandatory immediately following an arrest, it is no longer required if charges are ultimately not filed. Similarly, detention remains mandatory if charges are filed, but it is no longer required if charges are dropped or if a person is acquitted. Any other interpretation would render superfluous the language in the statute requiring detention under circumstances other than when a person 'is arrested for' or 'is charged with' certain crimes." (internal citations omitted)); *E.C. v. Noem*, No. 2:25CV1789, 2025 WL 2916264, at *11 (D. Nev. Oct. 14, 2025) ("[T]he Court finds that the statutory text's reference to a person who 'is charged with' or 'is arrested' for a theft-related offense, in the present tense, cannot be read to apply to a person has previously been arrested for and charged with a crime where they have also been acquitted of the crime." (citation omitted)); *Helbrum v. Williams*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sep. 30, 2025) ("The point is that § 1226(c)(1)(E)(ii) recognizes that a person 'is charged with' a crime (present tense) only until those charges are resolved. If the resolution is a conviction ('is convicted of') or involves the person making some other admission of guilt ('admits having committed' or 'admits committing acts which constitute the essential elements of'), then § 1226(c)(1)(E)(ii) continues to make detention mandatory. By contrast, based on the recurring use of the present tense for each stage of the criminal process, the statute no longer requires mandatory detention when charges are resolved via acquittal or dismissal and none of the other clauses apply.").

4

Here, the state did not pursue charges against Rosas. Based on the Court's interpretation of Section 1226(c)(1)(E)(ii), she is therefore not subject to mandatory detention under that subsection.

This Court has previously rejected substantive arguments that persons like Rosas are arriving aliens subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Rosas already present within the United States. *See Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Colina-Rojas v. Noem*, No. 4:26-CV-00037-RGJ, 2026 WL 412138, at *3-10 (W.D. Ky. Feb. 13, 2026); *Moran v. Noem*, No. 4:26-CV-00017-RGJ, 2026 WL 381605, at *3-9 (W.D. Ky. Feb. 11, 2026); *Salmeron v. Olson*, No. 4:25-CV-00198-RGJ, 2026 WL 324486, at *3-9 (W.D. Ky. Feb. 6, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4 (W.D. Ky. Jan. 28, 2026); *Celis v. Woosley*, No. 4:25-CV-00189-RGJ, 2026 WL 181340, at *2-10 (W.D. Ky. Jan. 22, 2026); *Rodriguez v. Noem*, No. 4:25-CV-00176-RGJ, 2026 WL 116412, at *2-10 (W.D. Ky. Jan. 15, 2026); *Meza v. Lewis*, No. 4:25-CV-00171-RGJ, 2026 WL 92102, at *3-10 (W.D. Ky. Jan. 13, 2026); *Reyes-Godenes v. Lewis*, No. 4:25-CV-00169-RGJ, 2026 WL 74566, at *2-10 (W.D. Ky. Jan. 9, 2026); *Rodriguez v. Woosley*, No. 4:25-CV-00168-RGJ, 2026 WL 36345, at *3-10 (W.D. Ky. Jan. 6, 2026); *Ariza v. Noem*, No. 4:25-CV-00165-RGJ, 2025 WL 3722014, at *3-10 (W.D. Ky. Dec. 23, 2025); *Reyes-Martinez v. Woosley*, No. 4:25-CV-00150-RGJ, 2025 WL 3680330, at *4-11 (W.D. Ky. Dec. 18, 2025); *Ramirez v. Lewis*, No. 4:25-CV-00143-RGJ, 2025 WL 3553676, at *3-11 (W.D. Ky. Dec. 11, 2025); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at *3-6 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *4-7 (W.D. Ky. Dec. 5, 2025); *Edahi*, 2025 WL 3466682, at *5-13; *Singh v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at *4-5 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at *2-3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at *2-3 (W.D. Ky. Nov. 20, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at *3-

6 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at *3 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *4-8 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No. 4:25-CV-00119-RGJ, 2025 WL 3046187, at *3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025); *Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at *3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ, 2025 WL 2933852, at *4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at *3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at *3 (W.D. Ky. Sep. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *2-5 (W.D. Ky. Sep. 19, 2025). Therefore, Section 1226(a) applies to Rosas.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when she is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Aquino*, 2026 WL 445033, at *10-12; *Colina-Rojas*, 2026 WL 412138, at *10-12; *Moran*, 2026 WL 381605, at *10-12; *Salmeron*, 2026 WL 324486, at *10-12; *Coronel-Hernandez*, 2026 WL 227011, at *4-5; *Celis*, 2026 WL 181340, at *10-11; *Rodriguez*, 2026 WL 116412, at *10-12; *Meza*, 2026 WL 92102, at *11-13; *Reyes-Godenes*, 2026 WL 74566, at *10-12; *Rodriguez*, 2026 WL 36345, at *10-12; *Ariza*, 2025 WL 3722014, at *10-12; *Reyes-Martinez*, 2025 WL 3680330, at *11-13; *Ramirez*, 2025 WL 3553676, at *11-12; *Aranda*, 2025 WL 3499061, at *6-8; *Mateo*, 2025 WL 3499062, at *3-7; *Edahi*, 2025 WL 3466682, at *13-14; *Singh*, 2025 WL 3298080, at *5-6; *Navarrete*, 2025 WL 3298081, at *3; *Salinas*, 2025 WL 3243837, at *3; *Del Villar*, 2025 WL 3231630, at *6-7; *Lopez*, 2025 WL 3217036, at *4; *Alonso*, 2025 WL 3083920, at *8-9; *Guerra*, 2025 WL 3046187, at *4-6; *Martinez-Elvir*, 2025 WL 3006772, at *11-13; *Orellana*, 2025 WL 3006763, at *5-6; *Mejia*, 2025 WL 2933852, at *4-5; *Ballestros*, 2025 WL 2880831, at *4-5; *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh*, 2025

WL 2699219, at *3-5; *Barrera*, 2025 WL 2690565, at *5-7. The unlawful detention of Rosas implicates her liberty interest to which due process applies and precludes her from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso*, 2025 WL 3083920, at *9 (alterations in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel*, 2025 WL 2823607, at *6; *Barrera*, 2025 WL 2690565, at *7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec'y v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Rosas must be released, and if she is arrested and re-detained, she is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. Respondents are directed to release Petitioner Imelda Vasquez Rosas from custody **IMMEDIATELY**, and, in the event that she is arrested and re-detained, provide her with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2. Respondents' Motion to Dismiss (DN 8) is **DENIED**.

3. Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

Greg N. Stivers, Judge
United States District Court
March 2, 2026

cc: counsel of record

8